IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAI ALKEBU-LAN,

        Plaintiff,               No. 2:11-cv-0291 LKK KJN P

        vs.

K. DICKINSON, Warden, et al.,

        Defendants.         <u>ORDER</u>

                        /

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. Plaintiff is presently housed at San Quentin State Prison, and is pursuing an action filed under 42 U.S.C. § 1983. Pursuant to court order, plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.
8          A complaint, or portion thereof, should only be dismissed for failure to state a
9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13  complaint under this standard, the court must accept as true the allegations of the complaint in
14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
17          A.  Pleading Defects
18          Plaintiff has filed two separate amended complaints.  In the first amended
19  complaint, plaintiff names 15 defendants and raises various claims related to an allegedly false
20  rules violation that occurred while plaintiff was housed at the California Medical Facility
21  ("CMF").  (Dkt. No. 14 at 1-13, referred to hereafter as the "first amended complaint".)  In the
22  appended second amended complaint, plaintiff names defendants Zamora and Moore, who are
23  not named in the first amended complaint, and raises claims concerning the destruction of
24  plaintiff's property at CMF.  Plaintiff is advised that he cannot pursue two separate complaints in
25  the same action; there can be only one operative complaint in this action.  Thus, plaintiff must
26  decide which claim he seeks to pursue in the instant action, and file a separate action as to the

other claim; or, if the claim is against the same defendant and is related to the underlying claim, file the related claims in one complaint. Thus, plaintiff's amended complaint is dismissed, and plaintiff is granted leave to file a second amended complaint.

B.  Substantive Issues

Plaintiff is reminded of the pleading standards for filing a civil rights action.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation; Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the

involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). Accordingly, plaintiff should not include the Warden or other supervisory personnel in any amended complaint, unless he can allege facts that demonstrate their personal involvement.

First, the second amended complaint (appended to the first amended complaint) includes plaintiff's prior claims concerning the destruction of his property by defendants Zamora and Moore. As plaintiff was previously informed, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 536-44 (1981), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986). The availability of an adequate state post-deprivation remedy, <u>e.g.</u>, a state tort action, precludes relief because it provides sufficient procedural due process. See <u>Zinermon v. Burch</u>, 494 U.S. 113, 128-29 (1990). California law provides such an adequate post-deprivation remedy. See <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95). Also, "[t]he confiscation of personal property . . . does not give rise to a claim for relief for violation of the Eighth Amendment, regardless of the value of the property to the inmate." <u>Washington v. Early</u>, 2008 WL 795603 (E.D. Cal. 2008). Moreover, a "refusal to respond in a reasonable manner," also fails to state a cognizable civil rights claim.

Furthermore, the destruction of property claim is unrelated to plaintiff's false rules violation claims contained in the first amended complaint and involve at least one defendant not named in plaintiff's first amended complaint. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an

>opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Therefore, plaintiff should not renew this claim in any second amended complaint.

Second, in the first amended complaint, plaintiff vaguely alleges that "all defendants . . . conspired to violate plaintiff's Eighth Amendment rights, . . . to use plaintiff as a scapegoat, cover up the terrorist threats of white supremacists. . . and then retaliated against plaintiff." (Dkt. No. 14 at 11.) To prove a conspiracy under section 1983, plaintiff must show an agreement or meeting of the minds to violate his constitutional rights. Hart v. Parks, 450 F.3d 1059, 1069 (9th Cir. 2006); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002). Plaintiff fails to allege facts demonstrating such an agreement or meeting of the minds as to each allegedly-involved defendant. Plaintiff's bare assertion of a conspiracy amounts to "nothing more than a 'formulaic recitation of the elements' " of a conspiracy claim." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 555). "As such, the allegations are conclusory and not entitled to be assumed true." Iqbal, 129 C. Ct. at 1951. Thus, plaintiff failed to state a cognizable conspiracy claim.

Third, in the first amended complaint, plaintiff appears to renew his claim that defendants Pulsipher, Jones and Brown falsified a rules violation report against plaintiff in violation of the Eighth Amendment. Plaintiff claims he was falsely accused of writing a letter complaining to the warden about alleged threats of violence against third parties. While not entirely clear, it appears plaintiff now alleges that defendants Pulsipher, Jones and Brown falsified the rules violation report against plaintiff "in retaliation."

5

"A prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the deprivation of a protected liberty interest." Lopez v. Celaya, 2008 WL 205256 at *5 (N.D. Cal. Jan. 23, 2008), citing, inter alia, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Although the filing of a false disciplinary action against an inmate is not a per se civil rights violation, there are two ways that allegations that an inmate has been subjected to a false claim can state a cognizable civil rights claim. The first is when the inmate alleges that the false report was in retaliation for the exercise of a constitutionally protected right under the First Amendment. See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim must rest on proof that defendant filed disciplinary action in retaliation for inmate's exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest); Newsom v. Norris, 888 F.2d 371, 377 (9th Cir. 1989). The second is when the inmate is not afforded the procedural due process required by the due process clause in connection with the issuance and hearing of disciplinary reports. See Newsom, 888 F.2d at 377; see also Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984)(claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of harm may be sufficient even if an inmate cannot allege a chilling effect. Id. In order to prevail on a retaliation claim, plaintiff must demonstrate that he engaged in protected conduct and that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In the context of a retaliation claim brought by an inmate, the

plaintiff must also demonstrate an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Thus, plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff. Cota v. Scribner, 2011 WL 4914934, *7, n.4 (S.D. Cal. 2011). Plaintiff does not allege that the false report was issued in retaliation for plaintiff's exercise of his constitutional rights, or that he was not afforded procedural due process during the hearing on the rules violation. Plaintiff's vague reference to "retaliation" does not identify the protected conduct at issue, if any.

Moreover, the exhibits provided by plaintiff suggest that plaintiff was placed in administrative segregation ("ad seg") while prison officials investigated the charge against plaintiff. (Dkt. No. 14-3 at 16.) During the hearing on the rules violation, plaintiff denied writing the letter to the warden, so his claim does not appear to be based on freedom of speech.[1] Plaintiff later claims that although defendant Pulsipher allowed inmate Roldan to return to work in the Braille Project, plaintiff was retained in ad seg despite plaintiff being cleared of all charges. It is unclear, however, whether the circumstances surrounding the events at issue here may have placed plaintiff's safety at risk had plaintiff been released from ad seg. Indeed, while plaintiff was housed at the California State Prison in Solano, plaintiff claimed his safety remained at risk from certain inmates housed at nearby CMF. (Dkt. No. 14 at 11.) This raises an inference that plaintiff was retained in ad seg for his own safety.

Furthermore, as noted in this court's prior order, plaintiff's claim may be barred under Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court has extended the Heck bar to § 1983 suits that would negate prison disciplinary proceedings that affect good-time credits.

---

[1] The letter at issue contained death threats, and plaintiff claims he was "interrogated" as to his possible knowledge of these terrorist threats. The fact that plaintiff was questioned as to death threats does not state a cognizable civil rights violation as the questioning related to legitimate penological security interests.

Edwards v. Balisok, 520 U.S. 641, 648 (1997).  A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits.  Id. at 646.  So, a "prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings )--if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

It appears from the appended exhibits that the rules violation was dismissed. During the administrative appeal process, on March 30, 2009, in Warden Dickinson's second level response, she stated that the original findings will be vacated and the charges dismissed against plaintiff.  (Dkt. No. 14 at 29.)  On May 7, 2009, plaintiff was informed that the rules violation number CMF-09-00406 "was dismissed at the institution level."  (Dkt. No. 14 at 30.) But in his filing, plaintiff claims that although he was cleared of all the charges, the rules violation has not been withdrawn.  Thus, it is unclear whether the prison disciplinary against plaintiff has been expunged or overturned.

For all of the above reasons, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

////

If plaintiff chooses to file a second amended complaint, plaintiff should file only one second amended complaint that is complete in itself. Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff should only name as defendants those individuals personally connected to the alleged violations of plaintiff's constitutional rights.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended

9

Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alke0291.lta2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAI ALKEBU-LAN,

        Plaintiff,                No. 2:11-cv-0291 LKK KJN P

    vs.

K. DICKINSON, Warden,
et al.,                            NOTICE OF AMENDMENT

        Defendants.
_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Second Amended Complaint

DATED:


                                       _____
                                       Plaintiff