IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAI ALKEBU-LAN,

          Plaintiff,                  No. 2:11-cv-0291 LKK KJN P

          vs.

K. DICKINSON, Warden, et al.,          ORDER and

          Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

I.  Introduction

          Pending is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  Plaintiff is a state prisoner who is proceeding in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On December 28, 2012, this court directed the U.S. Marshal to serve process of the Amended Complaint on defendants Brown, Jones, Mata, Mitchell, Moreno, Mullen, J. Pulsipher, and Spencer-Sims. (Dkt. No. 31.)  Defendants Jones, Mata, Mitchell, Spencer-Sims, Brown and Pulsipher waived service.  (Dkt. Nos. 36, 39.)  Attempted service on defendant Mullen revealed that he is deceased (Dkt. No. 34), while attempted service on defendant Moreno indicated that further information was necessary (Dkt. No. 33).  The court directed plaintiff to provide additional information to effect service of process on defendant Moreno (Dkt. No. 35); plaintiff responded with a request

1

1   for the court's assistance in obtaining such additional information if the court deemed such effort

2   warranted or, alternatively, that the court dismiss both defendants Moreno and Mullen (Dkt. No.

3   38).

4          Meanwhile, the appearing defendants filed a motion to revoke plaintiff's in forma

5   pauperis status pursuant to 28 U.S.C. § 1915(g), and to stay this action pending plaintiff's

6   payment of the full filing fee.  (Dkt. No. 37.)  Because at least three of plaintiff's prior cases were

7   dismissed for failure to state a claim, each case thereby constituting a "strike" under the "three

8   strikes" rule set forth in 28 U.S.C. § 1915(g), and because plaintiff fails to demonstrate that he

9   comes within the exception to this rule, the undersigned recommends that defendants' motion be

10  granted.  Thus, this court recommends that plaintiff's in forma pauperis status be revoked, and

11  this action stayed pending plaintiff's payment of the full filing fee.

12  II.   Three Strikes Rule Under 28 U.S.C. § 1915(g)

13         The Prison Litigation Reform Act of 1995 ("PLRA") authorizes federal courts to

14  permit the commencement and prosecution of a suit without prepayment of the filing fee if the

15  plaintiff demonstrates by affidavit that he or she is unable to pay such fee, and is thus entitled to

16  proceed "in forma pauperis."  However, a prisoner-plaintiff is precluded from proceeding in

17  forma pauperis if he or she has had three or more prior actions dismissed on the ground that such

18  actions were frivolous, malicious, or failed to state a claim upon which relief could be granted,

19  provided the plaintiff is unable to demonstrate that he or she is under imminent danger of serious

20  physical injury.  This rule, set forth at 28 U.S.C. § 1915(g), expressly provides:

21              In no event shall a prisoner bring a civil action or appeal a
                judgment in a civil action or proceeding under this section if the
22              prisoner has, on 3 or more prior occasions, while incarcerated or
                detained in any facility, brought an action or appeal in a court of
23              the United States that was dismissed on the grounds that it is
                frivolous, malicious, or fails to state a claim upon which relief may
24              be granted, unless the prisoner is under imminent danger of serious
                physical injury.
25

26  ////

1       On April 18, 2011, this court granted plaintiff leave to proceed in forma pauperis

2   because he had demonstrated that he was unable to afford the filing fee.  (See Dkt. Nos. 2, 11.)

3   However, pursuant to defendants' instant motion, the court is informed that plaintiff has

4   sustained dismissals in three prior actions for failure to state a claim, each qualifying as a "strike"

5   under 28 U.S.C. § 1915(g).[1]  These dismissals were memorialized in a fourth case in which, on

6   that basis, the court denied plaintiff's application to proceed in forma pauperis without prejudice

7   to refiling the claims in a new action in which plaintiff paid the full filing fee.  These cases are as

8   follows:

9       1.  Alkebu-Lan v. Lewis, Case No. 1:03-cv-05013 REC LJO P (E.D. Cal.):

10  May 30, 2003 district judge order adopting magistrate judge's recommendation that the action be

11  dismissed for failure to state a claim, and failure to obey court's order to file amended complaint.

12  (See Defs. Exhs. A-C (Dkt. No. 37-3 at 1-13).)

13      2.  Alkebu-Lan v. Hall, Case No. 2:03-cv-00702 UA CT P (C. D. Cal.):  February

14  4, 2003 district judge order adopting magistrate judge's recommendation that plaintiff's motion

15  to proceed in forma pauperis be denied, and the action dismissed, because the complaint was

16  "legally and/or factually patently frivolous."  (See Defs. Exhs. D-E (Dkt. No. 37-3 at 14-18).)

17      3.  Alkebu-Lan v. Kane, et al., Case No. 4:05-cv-5069 CW PR P (N.D. Cal.):

18  June 12, 2006, district judge order denying leave to proceed in forma pauperis and dismissing the

19  action for failure to state a claim upon which relief may be granted.  The appellate court

20  thereafter denied plaintiff's motion to proceed in forma pauperis; plaintiff's failure to pay the

21  filing fee resulted in the dismissal of the appeal for failure to prosecute.  (See Defs. Exhs. F-I

22  (Dkt. No. 37-3 at 19-35).)

23  ////

24

25      [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp.,
    80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S.
26  1126 (1981).

1          4.  <u>Alkebu-Lan v. Kane et al.</u>, Case No. 4:06-cv05991 CW PR P (N.D. Cal.)

2   August 25, 2009 district judge order dismissing action pursuant to 28 U.S.C. § 1915(g), based on

3   plaintiff's three prior strikes, set forth above, without prejudice to bringing the claims in a new

4   action in which plaintiff paid the full filing fee.  (<u>See</u> Defs. Exhs. J-M (Dkt. No. 37-3 at 36-67).)

5          Plaintiff's name should have been added to the National Pro Se Three-Strikes

6   Database,[2] as a result of the August 25, 2009 decision in Case No. 4:06-cv05991 CW PR P.  Had

7   plaintiff been timely included in the data base, this court would not have granted plaintiff in

8   forma pauperis status in the instant case, unless plaintiff had shown that he was under imminent

9   danger of serious physical injury when he initiated the action.  Nevertheless, due to the decision

10   in Case No. 4:06-cv05991 CW PR P, plaintiff was personally on notice that he was precluded

11   from initiating another federal civil rights action without prepayment of the filing fee, unless he

12   could demonstrate that his circumstances met the statutory exception.  Moreover, defendants'

13   instant motion places the burden on plaintiff to demonstrate that he meets the exception to the

14   three strikes rule.  However, plaintiff did not file an opposition to defendants' motion, and the

15   court's review of plaintiff's original and amended complaints demonstrates that plaintiff fails to

16   meet the exception.

17          Plaintiff filed his original complaint on September 14, 2010, when incarcerated at

18   California State Prison-Solano ("CSP-SOL").  Plaintiff alleged therein, in pertinent part, that he

19   had been under imminent danger of serious physical injury since November 25, 2008, due to the

20   alleged false disciplinary report allegedly generated by California Medical Facility ("CMF")

21   defendants Pulsipher, Jones and Brown.  (Dkt. No. 1 at 3.)  Plaintiff alleged that, due to this false

22   report, he was "subjected . . . to a series of psychological and physical tortures, including lacing

23   his canteen with hallucinogenic drugs which caused mental health issues/placement, near death

24   and stalking/threatening petitioner's family."  (<u>Id.</u>)  Although the form complaint noted "see

25

26        [2] National Pro Se Three-Strikes Database; <u>see</u> http://nprose.circ9.dcn/Litigant.aspx.

1  attached" (id.), the complaint contained no attachments.  The court noted this omission in its

2  screening order, found that neither plaintiff's general allegation of "imminent" harm, nor

3  plaintiff's other allegations, stated a cognizable claim, and dismissed the complaint with leave to

4  amend.  (Dkt. No. 11.)

5          Following plaintiff's transfer to San Quentin State Prison (Dkt. Nos. 17, 18), the

6  court found that plaintiff's Second Amended Complaint (Dkt. No. 24) stated potentially

7  cognizable First and Fourteenth Amendment claims against defendants Spencer-Sims, Pulsipher,

8  Jones, Mata, Brown, Mullen, Moreno and Mitchell, based on plaintiff's claims that he was

9  falsely charged and improperly found guilty of a disciplinary violation, which was later

10  overturned; as well as a potentially cognizable Eighth Amendment claim against these same

11  defendants, based on plaintiff's allegedly related cell extraction and placement in administrative

12  segregation.  (See Dkt. No. 26.)  Plaintiff remains incarcerated at San Quentin State Prison.

13          To meet the exception of 28 U.S.C. § 1915(g), plaintiff must have alleged facts

14  demonstrating that he was "under imminent danger" at the time of filing the initial complaint.

15  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time

16  of the filing of the complaint that matters for purposes of the 'imminent danger' exception under

17  § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001);

18  Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999).  The court finds that plaintiff

19  failed to make this demonstration.  Despite the general allegations of plaintiff's original

20  complaint that he faced "imminent" danger of serious physical injury, the alleged danger had

21  been "imminent" for a period of two years, and the only relief sought by plaintiff was damages.

22  (See Dkt. No. 1 at 3-4.)  Plaintiff did not seek injunctive relief, presumably because he had

23  already been transferred from CMF.  Moreover, in the operative Second Amended Complaint,

24  plaintiff seeks only damages (see Dkt. No. 24 at 3, 15; but see id. at 5 (generally request for an

25  injunction "as well"), without reference to any current danger of serious physical injury.

26  ////

1        For these reasons, the court finds that plaintiff is precluded from proceeding in

2   forma pauperis in this action.  28 U.S.C. § 1915(g).  The undersigned recommends that plaintiff

3   be permitted to proceed in this action only if he pays the full filing fee within fourteen (14) days

4   after service of the district judge's order adopting these findings and recommendations.

5   III.   Conclusion

6        Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

7        1.  Plaintiff's motion to amend the Second Amended Complaint and related

8   matters (Dkt. No. 38) is denied without prejudice to the renewal of these matters after plaintiff

9   has paid the full filing fee in this action.

10        Additionally, IT IS HEREBY RECOMMENDED that:

11        1.  Defendants' motion to revoke plaintiff's in forma pauperis status (Dkt. No.

12   37), be granted.

13        2.  Plaintiff's in forma pauperis status be revoked.

14        3.  Plaintiff be ordered to pay the $350.00 filing fee within fourteen (14) days after

15   service of the district judge's order adopting the instant findings and recommendations.[3]

16        4.  This action be stayed pending plaintiff's submission of the filing fee.

17        5.  Failure of plaintiff to timely submit the full filing fee will result in the

18   dismissal of this action pursuant to 28 U.S.C. § 1915(g).

19        These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

21   days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

24

25        [3]  Plaintiff may submit a current copy of his prison trust account balance, indicating the
amounts paid to date toward the filing fee in this action, pursuant to plaintiff's in forma pauperis
status, and request that the total amount paid to date be deducted from the full filing fee of

26   $350.00.

1  objections shall be filed and served within fourteen days after service of the objections.  The

2  parties are advised that failure to file objections within the specified time may waive the right to

3  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  April 15, 2013

5

6  _____
   KENDALL J. NEWMAN

7  UNITED STATES MAGISTRATE JUDGE

8  alke0291.3strikes

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26