1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHAI ALKEBU-LAN,

11              Plaintiff,              No.  2:11-cv-0291 LKK KJN P

12        vs.

13   K. DICKINSON, Warden, et al.,

14              Defendants.            ORDER

15   _____/

16        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

17   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

18   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19        On April 16, 2013, the magistrate judge filed findings and recommendations herein which

20   were served on all parties and which contained notice to all parties that any objections to the

21   findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections

22   to the findings and recommendations.

23        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court

24   has conducted a de novo review of this case. Upon careful review of the entire file, the court

25   declines to adopt the magistrate judge's findings and recommendations.

26        The magistrate judge found Plaintiff's allegations that he faced "imminent" danger of serious

1

1    physical injury to be unsubstantiated because, at the time of filing the initial complaint, "the alleged

2    danger had been 'imminent' for a period of two years, and the only relief sought by plaintiff was

3    damages."  Findings & Recommendations, ECF NO. 41, at 5.  This court cannot agree with the

4    magistrate judge's interpretation of Plaintiff's original complaint.

5         In Plaintiff's original complaint, Plaintiff claimed that his "life has been under imminent

6    danger of serious physical injury" "from 11-25-2008 to present" because Defendants "subjected

7    Petitioner to a series of psychological and physical tortures, including lacing his canteen with

8    hallucin[o]genic drugs which caused mental health issues/placement, [and] near death."  Pl's

9    Compl., ECF No. 1, at 3.   As relief, Plaintiff requested, in part, "the termination of all

10   employees/defendants involved and the disbanding of all State of California prison unions which

11   condoned this criminal behavior."  Id. at 3-4.

12        The fact that Plaintiff alleged that he faced "imminent" danger for a period of two years

13   before he filed his original complaint does not cut against his argument that the danger was

14   imminent.  Plaintiff's complaint appears to allege that the Defendants' actions were continuous and

15   ongoing over the course of those two years prior to the initial filing.  As such, any resulting "danger

16   of serious physical injury" that Plaintiff faced over the course of those two years was likely ongoing

17   as well.  The alleged ongoing nature of Defendants' actions bolsters, as opposed to diminishes,

18   Plaintiff's claims that the danger he faced was "imminent."  See Andrews v. Cervantes, 493 F.3d

19   1047, 1056-57 (9th Cir. 2007) ("a prisoner who alleges that prison officials continue with a practice

20   that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard

21   and meet the imminence prong of the three-strikes exception").

22        Although Plaintiff's request that the court terminate "all employees/defendants involved"

23   and disband "all State of California prison unions which condoned this criminal behavior" is, to say

24   the least, overbroad, it appears to this court to be a clear request for injunctive relief, in addition to

25   Plaintiff's request for damages.

26        As to Plaintiff's second amended complaint, the magistrate judge found that "Plaintiff did

                                                      2

1  not seek injunctive relief," but instead, "seeks only damages . . . without reference to any current

2  danger of serious physical injury."  Findings & Recommendations, ECF NO. 41, at 5.

3       Plaintiff, however, does seek injunctive relief in his second amended complaint.  Plaintiff

4  asks the court to "terminate Defendants" and to "rule an injunction to end all CDCR unions and for

5  the federal government to take control of all CDCR prisons and California's prison industrial

6  complex." Pl's Second Am. Compl., ECF No. 24, at 3.  Again, even though Plaintiff's requested

7  relief is more than unlikely to be granted, it does present a request for injunctive relief, in addition

8  to his sought damages.

9       Furthermore, Plaintiff's request for injunctive relief refers, at least in part, to the allegations

10  in his second amended complaint that he "has lost some vision in his right eye, has emotional

11  breakdowns, and suffered a heart attack" as a result of Defendants' administration of unwanted

12  medications to Plaintiff.  See id. at 6, 8, 11, 12.  At this threshold stage, the court finds that

13  Plaintiff's assertions regarding his lost vision, emotional breakdowns, and prior heart attack

14  sufficiently demonstrate that he alleges a current danger of serious physical injury.  See Andrews

15  v. Cervantes, 493 F.3d at 1057 ("§ 1915(g) merely establishes a threshold procedural question and

16  does not ask the court to evaluate the merits of the suit").

17       In any event, the explicitness with which a prisoner plaintiff requests injunctive relief should

18  not determine whether he has sufficiently alleged an "imminent danger of serious physical injury."

19  One can imagine a scenario in which a prisoner plaintiff, who has previously filed three insufficient

20  lawsuits, would then file a clear and genuine claim that he faces imminent serious physical injury

21  at the hands of a defendant.  If that plaintiff fails to specifically request that the court enjoin the

22  defendant's behavior, or fails to properly articulate his desire that the behavior cease, that failure

23  should not diminish the sufficiency of his primary and basic assertion that he faces an imminent

24  danger of serious physical injury.  To find otherwise would be to create, by a judicial sleight of hand,

25  additional hurdles for the prisoner plaintiff to overcome: in addition to showing that he is "under

26  imminent danger of serious physical injury," as required by the statute, the court would also be

implicitly requiring the plaintiff to allege that he wishes that threat would stop, by a court order enjoining said behavior.

For these reasons, the court DECLINES to adopt the magistrate judge's April 16, 2013 finding that Plaintiff has failed to demonstrate an "imminent danger of serious physical injury" for purposes of 28 U.S.C. § 1915(g).

The court REMANDS this case to the magistrate judge for such further proceedings as may be appropriate.

IT IS SO ORDERED.

DATED: July 9, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4