UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI ALKEBU-LAN,<br><br>        Plaintiff,<br><br>   v.<br><br>K. DICKINSON, Warden, et al.,<br><br>        Defendants. | No. 2:11-cv-0291 LKK KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Currently pending is defendants' motion for reconsideration of the district judge's July 10, 2013 order, which declined to adopt the undersigned magistrate judge's findings and recommendations filed April 16, 2013, recommending that plaintiff's in forma pauperis status be revoked pursuant to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

      Plaintiff now requests the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff asserts no specific reasons in support of his request for appointment of counsel. Plaintiff merely attaches a form letter from the White House, dated July 13, 2009, which states that plaintiff is welcome to contact the President for "help with a Federal agency." (ECF No. 50 at 3.)

Because plaintiff's request fails to meet any of the <u>Palmer</u> factors, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 50), is denied without prejudice.

SO ORDERED.

Dated:  February 28, 2014

alke0291.31

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE