UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAI ALKEBU-LAN,

      Plaintiff,

  v.

K. DICKINSON, et al.,

      Defendants.

No. CIV. S-11-291 LKK/KJN P

**ORDER**

Defendants have filed a motion for reconsideration of this court's July 10, 2013 order (ECF No. 44) declining to adopt the magistrate judge's April 16, 2013 finding, made in connection with consideration of defendants' March 6, 2013 motion to revoke plaintiff's in forma pauperis status, that plaintiff has failed to demonstrate that he was "under imminent danger of serious physical injury" within the meaning of 28 U.S.C. § 1915(g) when he filed the instant action. Plaintiff opposes the motion, and defendants have filed a reply.[1]

---

[1] Also pending before the court is plaintiff's April 15, 2013 motion for extension of time to respond to defendants' motion to revoke plaintiff's in forma pauperis status. Plaintiff's motion for extension of time was filed on April 15, 2013, the day before the magistrate judge issued findings and recommendations on defendants' motion, and plaintiff filed his opposition

1

1    Defendants seek reconsideration of the court's July 10, 2013 order, contending that the court failed to address a dispositive argument previously raised by defendants in their reply to plaintiff's objections to the magistrate judge's findings and recommendations.[2] Specifically, there and here defendants contend plaintiff's original complaint cannot plausibly suggest plaintiff was in "imminent danger of serious physical injury" at the time the action was filed because the challenged events occurred at California Medical Facility (CMF) and plaintiff had been transferred to California State Prison-Solano (CSP-Solano) before he filed this action.

    At issue is whether the facts alleged in plaintiff's original complaint are sufficient to satisfy the requirements of 28 U.S.C. §1915(g), which prevent inmates who have had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon relief may be granted, from

---

April 16, 2013, the same day the magistrate judge issued findings and recommendations on the motion, although plaintiff's opposition was not entered on the docket until April 17, 2013. Good cause appearing, plaintiff's motion for extension of time is granted nunc pro tunc and his opposition, which has been considered by this court as part of its de novo review of the record, deemed timely filed. The primary question raised by plaintiff's opposition is whether a dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) is a strike under 28 U.S.C. § 1915(g). This question has been expressly reserved by the United States Court of Appeals for the Ninth Circuit. See Andrews v. Cervantes, 493 F.3d 1047, 1052 n.2 (9th Cir. 2007). The court need not reach this question here, however, because the magistrate judge found four previous dismissals qualified as 1915(g) strikes. See Findings and Recommendations filed April 16, 2013 (ECF No. 41) at 3-4. Only one of those dismissals, Case No. 4:05-cv-5069 CW PR P, implicates the question of whether a dismissal pursuant to Heck v. Humphrey, supra constitutes at § 1915(g) strike.

[2] Defendants rely on Fed. R. Civ. P. 60(b)(6) and cite 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) for the proposition that Fed. R. Civ. P. 60(b)(6) permits reconsideration of an order "when there is clear error." Defs. Mot. Recon., filed July 17, 2013 (ECF No. 45-1) at 2. The cited case involved a motion under Fed. R. Civ. P. 59(e) to alter or amend a judgment, not Fed. R. Civ. P. 60(b)(6). See 389 Orange St. Partners, 179 F.3d at 665.

proceeding in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. §1915(g). This "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

The allegations of imminent harm in the original complaint are as follows:

> From 11-25-2008 to present petitioner's life has been under imminent danger of serious physical injury . . . whereas Lt. Pulsipher, J., Sergeant Jones, S., and Guard Brown, R. et al. falsified a CDC 115, RVR Log # CMF 01-P-1208-010 which they knew not to be true; thereby, subjected petitioner to a series of psychological and physical tortures, including lacing his canteen with hallucinogenic [sic] drugs which cause mental health issues/placement, near death and stalking/threatening petitioner's family.

Complaint filed September 14, 2010 (ECF No. 1) at 3.  The events complained of occurred at California Medical Facility (CMF); plaintiff was incarcerated at California State Prison-Solano (CSP-Solano) when he filed this action.  See Complaint (ECF No. 1), passim.  Although CSP-Solano is proximate to CMF, none of the three defendants who allegedly committed the acts complained of, all of whom worked at CMF, could plausibly have been continuing those acts at the time the complaint was filed.[3]  Moreover, the

---

[3] In his response to defendants' reply in support of their motion for reconsideration, plaintiff alleges that "[u]pon transfer from CMF to CMC-East to CSP-Solano, defendants (Lt. J. Pulsipher) conducted illegal, intimidating, threats on his life, surveillance, stalking tactics and sealed legal mail tampering of documents to the courts."  Pls. Response filed August 23, 2013 (ECF No. 48) at 2.  These vague and conclusory contentions are not included as allegations in the original complaint and in any event are insufficient to

3

allegations of the complaint do not suggest that those actions continued into his placement at CSP-Solano.[4]

For the foregoing reasons, the court finds that plaintiff has failed to adequately allege that he was faced with "imminent danger of serious physical injury" at the time he filed this action. Accordingly, defendants' motion for reconsideration will be granted, plaintiff's in forma pauperis status will be revoked, and this action will not proceed further unless plaintiff pays the $350.00 filing for this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 15, 2013 motion for extension of time (ECF No. 40) is granted;

2. Plaintiff's April 16, 2013 opposition to defendants' motion to revoke plaintiff's in forma pauperis status is deemed timely filed;

3. Defendants' July 17, 2013 motion for reconsideration (ECF No. 45) is granted;

4. Defendants' March 6, 2013 motion to revoke plaintiff's in forma pauperis status is granted;

5. Plaintiff is granted thirty days from the date of this order in which to pay the $350.00 filing fee for this action; and

6. Failure to pay the filing fee as required by this order will result in the dismissal of this action.

////

---

support a finding that plaintiff was under imminent threat of physical injury when he filed the complaint.

[4] Allegations of subsequent complaints suggest that plaintiff was placed on orders for involuntary medication and transferred to an inpatient mental health program prior to his transfer to CSP-Solano. See, e.g., First Amended Complaint, filed July 16, 2012.

```
 1         DATED:   March 31, 2014.
 2
 3
 4
 5                            LAWRENCE K. KARLTON
                              SENIOR JUDGE
 6                            UNITED STATES DISTRICT COURT
```