1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAI ALKEBU-LAN,                              No.  2:11-cv-0291 LKK KJN P

12                   Plaintiff,

13        v.                                       ORDER

14   K. DICKINSON, Warden, et al.,

15                   Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se, in this civil rights action brought pursuant

18   to 42 U.S.C. § 1983.  Plaintiff requests, for the second time, appointment of counsel.  The court

19   denied plaintiff's prior request, filed on February 21, 2014, by order filed February 28, 2014.

20   (ECF Nos. 50, 51.)

21        As this court previously explained, district courts lack authority to require counsel to

22   represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

23   296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily

24   represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

25   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When

26   determining whether "exceptional circumstances" exist, the court must consider plaintiff's

27   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

28   se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

1

1    (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

2    burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

3    common to most prisoners, such as lack of legal education and limited law library access, do not

4    establish exceptional circumstances that warrant granting a request for voluntary assistance of

5    counsel.

6              The court denied plaintiff's previous request for appointment of counsel on the ground

7    that "[p]laintiff asserts no specific reasons in support of his request for appointment of counsel.

8    Plaintiff merely attaches a form letter from the White House, dated July 13, 2009, which states

9    that plaintiff is welcome to contact the President for 'help with a Federal agency.'  (ECF No. 50

10   at 3.)  [¶] Because plaintiff's request fails to meet any of the Palmer factors, the court finds that

11   plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the

12   appointment of counsel at this time."  (ECF No. 51 at 2.)

13             Plaintiff now asserts that his instant request meets the "exceptional circumstances"

14   threshold because his complaint states a prima facie claim; plaintiff has made a good faith attempt

15   to retain counsel; he is indigent; and "plaintiff has an offer by the White House to provide him

16   with the federal agency that can represent him and expedite proceedings without delay or

17   hardship on the magistrate or district court judges."  (ECF No. 52 at 1-3.)

18             Applying the factors identified in Palmer, 560 F.3d at 970, the court finds that plaintiff has

19   again failed to meet his burden of demonstrating "exceptional circumstances" warranting the

20   appointment of counsel at this time.

21             Accordingly, IT IS HEREBY ORDERED that plaintiff's second motion for appointment

22   of counsel (ECF No. 52) is denied without prejudice.

23   Dated:  April 3, 2014

24

25     alke0291.31.2d.kjn                         KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE
26

27

28

                                                  2